IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CR-123-FL
NO. 7:09-CV-112-FL

| | |
|---|---|
| ERNEST LEE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-27) *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-24). Petitioner has not responded to the Government's Motion to Dismiss, and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-27) be GRANTED and that Petitioner's Motion to Vacate (DE-24) be DENIED.

**I. Background**

Petitioner was charged in a superseding indictment on January 23, 2008 with: 1) distribution of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1); 2) possessing with the intent to distribute crack, in violation of 21 U.S.C. § 841(a)(1) ; 3) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and 4) being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (DE-15).

On February 4, 2008 Petitioner pled guilty to distribution of crack and possession of a firearm in furtherance of a drug trafficking crime (DE's 18-21). This guilty plea was memorialized in a Plea Agreement filed and approved by this Court (DE-20). He was sentenced on May 7, 2008 to, *inter alia*, a total of 202 months imprisonment (DE-23). Petitioner did not file a direct appeal (DE-24, pg. 2; DE-28, pg. 2). Plaintiff filed the instant Motion to Vacate on June 2, 2010 (DE 24-1).

## II. Legal Standards and Analysis

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U .S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950.

2

Without such "heft," *Id*. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted).

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B. 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255(f)(1-4).

If a defendant does not timely appeal the trial court's final judgment, as in this case, his conviction becomes final 10 business days after entry of final judgment, when petitioner's opportunity to

3

appeal expires. *See* Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R.App. P. 4(b)[1]. Accordingly, Petitioner's conviction became final on May 21, 2008, ten business days after entry of final judgment. Therefore, Petitioner had until May 21, 2009 to timely file his § 2255 motion. However, Petitioner's Motion to Vacate was not filed until June 2, 2010 (DE 24-1). As such, Petitioner's Motion to Vacate is untimely on its face, and must be dismissed unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> *Id.*

---

[1] In 2009, the deadline for filing a notice of appeal in a criminal case was amended to 14 calendar days. F.R.App.P 4, 2009 Amendments.

Because he has not responded to the Government's Motion to Dismiss, Petitioner has failed to assert any facts which would indicate that equitable tolling is appropriate in this matter. Accordingly, the undersigned RECOMMENDS that Petitioner's Motion to Vacate be dismissed because it is time-barred.

**III. Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-27) be GRANTED and that Petitioner's Motion to Vacate (DE-24) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, October 13, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE