IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 7:07-CR-123-FL
NO. 7:09-CV-112-FL

| | | |
|---|---|---|
| ERNEST LEE SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

This matter comes before the court on the government's motion to dismiss (DE #27) *pro se* petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody ("motion to vacate") (DE #24). Petitioner did not file a response to the government's motion to dismiss within the time allowed. Pursuant to 28 U.S.C. § 636(b)(1)(C) this matter was referred to United States Magistrate Judge William A. Webb for entry of a memorandum and recommendation ("M&R"). On October 13, 2010, the magistrate judge entered a M&R wherein it was recommended that the government's motion to dismiss be granted and that petitioner's motion to vacate be denied. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and grants the government's motion to dismiss and denies petitioner's motion to vacate.

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of

motions. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Respondent moved to dismiss petitioner's motion to vacate pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction on the grounds that petitioner's motion is time-barred by the one-year statute of limitations set forth in § 2255(f). The magistrate judge concluded that petitioner's motion is untimely and therefore recommended that petitioner's motion to vacate be denied and respondent's motion to dismiss be granted.[1] Here, petitioner makes no objection to the magistrate judge's well-considered recommendation. Upon careful review of the M&R, the relevant case law, the case history and parties' filings, the court finds the magistrate judge has properly applied the statute of limitations and has properly concluded that petitioner's motion to vacate is time barred and not eligible for equitable tolling.

The court must now determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating

---

[1] The magistrate judge, through inadvertence, analyzed respondent's motion to dismiss using the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure instead of Rule 12(b)(1). The result, however, is nonetheless the same as petitioner's motion to vacate is untimely under § 2255(f). Additionally, petitioner has not objected to the M&R.

2

that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the claims presented in the petition in light of the applicable standard, the court finds that petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

Accordingly, the court ADOPTS the M&R as its own, and for the reasons stated therein, respondent's motion to dismiss (DE #27) is GRANTED and petitioner's motion to vacate (DE #24) is DENIED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 17 day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge