IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-123-FL-1
No. 7:12-CV-211-FL

| ERNEST LEE SMITH, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

This matter comes before the court on petitioner's motion to vacate under 28 U.S.C. § 2255 (DE 38), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the government's motion to dismiss (DE 42). Where petitioner has responded to the motion to dismiss, the issues raised are ripe for ruling.[1]

## BACKGROUND

On February 4, 2008, petitioner pleaded guilty pursuant to a plea agreement, to distribution of cocaine base and possession of a firearm during and relation to a drug trafficking offense. On May 7, 2008, petitioner was sentenced to a term of imprisonment of 262 months, in accordance with petitioner's qualification as a career offender at the time. On July 24, 2012, petitioner filed the instant second motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, arguing that under Simmons, he should not have received the career offender enhancement. The government moves to dismiss on the basis that petitioner waived his right to bring a § 2255 petition in his plea agreement, among other grounds, and petitioner responds that his Simmons claim falls outside the

---

[1] This order does not address petitioner's pending motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which will be addressed in accordance with standing order 11-SO-01.

scope of his waiver in his plea agreement.

## DISCUSSION

Where the court agrees with the government that petitioner waived his right to pursue his § 2255 motion, petitioner's motion must be dismissed on this ground, and the court need not reach the issue of untimeliness. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Contrary to petitioner's argument regarding the scope of his waiver, the Fourth Circuit has recently confirmed that "claims regarding the application of Simmons fall within the scope of [a] valid appeal waiver." United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013). Here, petitioner agreed to waive the right to challenge his conviction "except[] . . . upon grounds of ineffective assistance of counsel or prosecutorial misconduct." (DE 20). Petitioner does not allege, nor is there evidence to suggest, that his plea was either unknowing or involuntary. Accordingly, petitioner has waived his right to attack his conviction and sentence collaterally on the basis of Simmons, and his motion to vacate must be dismissed on this ground.

## CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion to dismiss (DE 42), and DISMISSES petitioner's motion to vacate (DE 38). Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge