IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:07-CR-123-FL
No. 7:10-CV-112-FL

| | |
|---|---|
| ERNEST LEE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion for reconsideration (DE 47) of the court's order dismissing his motion to vacate brought under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has responded to the motion to reconsider. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling.[1] For the reasons stated below, petitioner's motion for reconsideration will be denied.

## BACKGROUND

Petitioner pleaded guilty to distribution of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On May 7, 2008, petitioner was sentenced to a term of 202 months imprisonment on the cocaine offense and 60 months on the firearm offense, to be served consecutively. Petitioner filed a motion to vacate in June 2010, which the court denied November 23, 2010. On July 24, 2012, petitioner filed the instant motion, claiming he was wrongfully

---

[1] Also pending in the criminal case only is an unrelated motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (DE 39), which the court will address by separate order.

sentenced as a career offender in light of Simmons. The government moved to dismiss on the basis that the motion was successive, untimely, and barred by the waiver in petitioner's plea agreement. The court dismissed the motion on the basis of waiver. Petitioner urges the court to reconsider in light of Miller, and the government urges denial of the motion on the basis of all grounds previously asserted.

**DISCUSSION**

Miller does not provide a basis for the court to reconsider its ruling with respect to waiver. In addition, the court finds that dismissal is warranted as a threshold matter on the basis that the motion is successive.

A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205.

Given that the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, it is properly construed as a second or successive § 2255 petition, and this Court is without jurisdiction to consider it in the absence of pre-filing authorization. In addition, the court notes that Miller provides no relief to the procedural barriers for petitioner's claims. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely). In addition, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent the career offender

2

enhancement. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because petitioner's post-conviction motions must be dismissed as successive, a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, the court DENIES petitioner's motion for reconsideration (DE 47). A certificate of appealability is DENIED.

SO ORDERED, this 28th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge